IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEITH BOCK,                         *

        Plaintiff,                  *

        v.                          *        CIVIL NO.: WDQ-12-3702

                                    *
FLORISTS' TRANSWORLD DELIVERY,
INC.,                               *

        Defendant.                  *

*       *       *       *       *       *       *       *       *       *       *       *       *

## MEMORANDUM OPINION

Keith Bock sued Florists' Transworld Delivery, Inc. ("FTD")
for violating the Americans with Disabilities Act[1] (the "ADA"),
Title 20 of the State Government Article of the Maryland Code,[2]
and for wrongful discharge. Pending are FTD's motion to dismiss
and Bock's motion for leave to file amended complaint. For the
following reasons, FTD's motion to dismiss will be granted in
part and denied in part. Bock's motion for leave to amend will
be denied.

---

[1] 42 U.S.C. §§ 12101, *et seq.*

[2] Md. Code Ann., State Gov't §§ 20-601, *et seq.*

I.   Background[3]

On June 2, 2004, Bock began working for FTD as a Regional Technology Sales Manager.  ECF No. 2 ¶ 6.[4]  Bock's job duties included selling software and hardware, managing certain sales territories, and traveling four to five times a week for sales. *Id.* ¶ 7.  In June 2005, Brock's job title changed to Regional Technology Sales Consultant.  *Id.* ¶ 22.
On March 18, 2010, Bock slipped and fell during a sales presentation.  *Id.* ¶ 8.  Bock severely injured his lower back, resulting in herniated discs in his lumbar spine.  *Id.*  In May 2010, Bock's injuries required him to undergo microdiscectomy surgery.  *Id.*  On April 16, 2010, Bock filed a workers' compensation claim and returned to work on July 5, 2010.  *Id.* ¶ 10.

Bock suffers from herniated discs in his lower back and continuous back and neck pain.  ECF No. 2 ¶ 11.  This pain

---

[3] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true.  *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[4] FTD is a national floral wire service that is incorporated in Maryland with its principal place of business in Michigan.  ECF No. 2 ¶ 3.  FTD is a business entity employing 15 or more people; therefore it is an "employer" under the ADA.  *See* 42 U.S.C. § 12111(5); ECF No. 2 ¶ 4.

"substantially limits [Bock's] major life activities, including but not limited to traveling, sitting, and driving." *Id.* FTD was aware of Bock's disability. *Id.* ¶ 13. After Bock returned to work, "he requested a reasonable accommodation by asking for 'light duty' assignments." *Id.* ¶ 14. Bock requested a reduction in the size of his sales territory or other available options to reduce his travel time, such as working exclusively from home. *Id.* Eric Hudgens, Vice President of Technology Sales, and Tom Lucas, Bock's immediate supervisor, discussed permitting Bock to work at home; however, this was never offered to Bock. ECF No. 2 ¶ 14. Tom Cunningham, a member of Bock's sales team, also offered to switch sales territories with Bock to reduce Bock's travel. *Id.* ¶ 15. Bock was told this "was not a valid basis for altering sales territories." *Id.*

FTD denied Bock's requests for 'light duty' assignments. *Id.* ¶ 16. From July 5, 2010 to January 2011, Bock's repeated requests for reasonable accommodations were denied. *Id.* ¶¶ 17, 19.[5] In January 2011, Bock's sales territory and travel time were increased. *Id.* ¶ 19. Bock's superiors "refused to consider any proposed changes to [his] sales territory" and told Bock "that modifications of sales territories could not be

---

[5] Bock made these requests to Lucas, Michael White, Regional Vice President, and Mark Monitello, Vice President of Human Resources. ECF No. 2 ¶ 19.

3

made." *Id.* ¶ 20. Bock "continued to perform his duties in a satisfactory manner." *Id.* ¶ 21.

From January to May 2011, Bock "engaged in protected activity" by complaining to Mark Monitello--Vice President of Human Resources--claiming discrimination on the basis of his disability and the denial of his reasonable accommodation requests. ECF No. 2 ¶ 23. The Human Resources Department ("HR") "refused to address [his] concerns." *Id.* ¶ 24. On February 18, 2011, after Lucas learned of Bock's complaints, he placed Bock on a 90-day Performance Improvement Plan ("PIP") for "alleged deficiencies in his job performance." *Id.* ¶ 25.[6] Other sales consultants who experienced low sales and were placed on PIPs either before or after February 18, 2011 were permitted to complete the duration of their PIPs and were not terminated. *Id.* ¶ 26.[7] In March 2011, during Bock's PIP, his sales increased from 28 percent of the quota to 68 percent. *See id.* ¶ 27.[8] In March 2011, Bock again requested a reasonable accommodation from

---

[6] The alleged deficiencies included performance issues, low sales production, and disrespectful behavior. ECF No. 2 ¶ 25.

[7] These sales consultants included Terry Theil, Jeff Willard, Tom Mays, and Lenny Faustino. ECF No. ¶ 26.

[8] The complaint repeatedly uses the phrase "Plaintiff's sales quota increased." ECF No. 2 ¶¶ 27, 29. Although the phrase is ambiguous, reading the phrase in context with the entire Complaint, the Court understands it to mean that Brock's actual sales increased to a certain percentage of the quota, rather than the quota increased.

4

HR and his request was denied. *Id.* ¶ 28. On April 14, 2011, Bock's sales increased to 121 percent of the quota and he was ranked 5th in the department for total sales. *Id.* ¶ 29.

On April 15, 2011, Bock was fired with 35 days remaining on his PIP. ECF No. 2 ¶ 30. Other sales consultants without disabilities were allowed to complete their PIPs and were not fired, despite "having engaged in comparable conduct." *Id.* ¶ 31-35.[9] Milda Oliverio, a consultant with a disability was given "the reasonable accommodations of limited-to-no travel and permission to work from home on account of her disability." *Id.* ¶35.

On October 12, 2011, Bock filed a Preliminary Questionnaire with the Maryland Commission on Civil Rights ("MCCR"), which was cross filed with the United States Equal Employment Opportunity Commission (the "EEOC"). ECF No. 20 at 5; ECF No. 2 ¶ 5. On November 14, 2011, Bock signed the Amended Charge of Discrimination. ECF No. 20 at 5-6. On August 2, 2012, Bock received a Notice of Right to Sue from the EEOC. ECF No. 2 ¶ 5.

---

[9] These sales consultants included Terry Theil, who also increased his sales to over 100% of quota, and was permitted to complete his PIP and was not fired. ECF No. 2 ¶ 32. Jeff Willard, Tom Mays, and Lenny Faustino were not fired even though their sales percentage increases were not as high as Bock's. *Id.* ¶ 33. On April 14, 2011 Mike Satterfield had 12 sales in comparison to Brock's 16 sales, and Satterfield was not fired. *Id.* ¶ 34.

On October 31, 2012, Bock sued FTD in the Circuit Court for Baltimore City alleging violations of the ADA, Title 20, and for wrongful discharge. ECF No. 2.[10] On December 18, 2012, FTD removed the action to this Court. ECF No. 1. On December 26, 2012, FTD moved to dismiss Counts One to Four, portions of Count Five and Six, and Count Seven. ECF No. 11.[11] On December 26, 2012, FTD answered the complaint. ECF No. 12. On January 14, 2013, the Court granted a consent motion extending the time for Bock's response to January 22, 2013. ECF No. 18. On January 21, 2013, Bock responded and moved for leave to amend. ECF No. 20. On February 4, 2013, FTD replied. ECF No. 21.

II. Analysis

    A.    Legal Standard

    Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.

---

[10] The complaint pleads seven causes of action:

  • Disability Discrimination for Disparate Treatment (Count One) and Failure to Accommodate (Count Three) under the ADA;
  • Disability Discrimination for Disparate Treatment (Count Two) and Failure to Accommodate (Count Four) under Title 20;
  • Retaliation under the ADA (Count Five) and Title 20 (Count Six); and
  • Wrongful Discharge for Filing Workers' Compensation Claim (Count Seven).

[11] Bock has voluntarily withdrawn Count Seven of the complaint alleging a claim of wrongful discharge. ECF No. 20 at 2 n.1. Accordingly, FTD's motion to dismiss Count Seven will be denied as moot.

Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

7

alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

    B.    FTD's Motion to Dismiss

        1.    Legal Standard

Before addressing the merits of the motion, Bock asserts that the Court should consider FTD's motion as a motion for summary judgment rather than a motion to dismiss because FTD referred to evidence outside the pleadings. ECF No. 20 at 3. With its motion, FTD attached a copy of Bock's Charge of Discrimination with the Maryland Commission on Civil Rights ("MCCR"). ECF No. 11, Ex. A. In reviewing a motion to dismiss, the Court may consider not only allegations in the complaint but also documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Bock has not challenged the authenticity of the Charge of Discrimination attached to FTD's motion, and a charge of discrimination is integral to the administrative history of the plaintiff's complaint.[12] Accordingly, FTD's attachment of Bock's Charge of Discrimination does not convert its motion to one for

---

[12] *See e.g.*, *Betof v. Suburban Hosp., Inc.*, NO. DKC 11-1452, 2012 WL 2564781, at *3, n.2 (D. Md. June 29, 2012); *Garrison Jr. v. McCormick & Co., Inc.*, No. JFM 10-CV-0298, 2010 WL 2651639, *1 n.2 (D. Md. June 30, 2010); *White v. Mortgage Dynamics, Inc.*, 528 F. Supp. 2d 576, 578 (D. Md. 2007).

summary judgment.  FTD's motion will be treated as a motion to dismiss.

      2.   Timeliness

          i.   State Law Claims--Six Month Requirement

     FTD first asserts that Bock's state law claims, Counts Two, Four, and Six, are time-barred because he failed to file his charge within six months of the alleged discrimination.  ECF No. 11 at 3.  FTD argues that Bock did not file his charge until November, 14, 2011 when he filed his Charge of Discrimination with the MCCR.  ECF No. 11 at 3.  Bock contends that his Preliminary Questionnaire filed on October 12, 2011 meets the filing requirements of a charge.  ECF No. 20 at 6-5.

     Under Maryland law, a charge is timely if filed with the MCCR "within 6 months after the date on which the alleged discriminatory act occurred."  *See* Md. Code Ann., State Gov't § 20-1004(c)(1).  A charge must be in writing, state the name and address of the person alleged to have committed the discriminatory act and the particulars of the act, and be signed by the complainant under oath.  *See* Md. Code Ann., State Gov't § 20-1004(b).  Here, the Preliminary Questionnaire was in writing, included the name and address of FTD and its representative, contained a description of the discriminatory actions, and was signed by Brock "under the penalties of perjury."  *See* ECF No. 22.  The Preliminary Questionnaire filed on October 12, 2011

fits the requirements of a charge, or "complaint," under
Maryland law. Bock may bring all Title 20 claims arising out of
discriminatory acts occurring within six months of filing with
the MCCR. *See* Md. Code Ann., State Gov't § 20-1004(c). Any
Title 20 claims arising out of events before April 12, 2011 are
time-barred.

FTD further asserts that, assuming a charge was timely
filed on October 12, 2011, allegations in Counts Two and Six
occurring after April 12, 2011 should be dismissed, and Count
Four should be dismissed in its entirety as time-barred. *See*
ECF NO. 21 at 4-6. Count Two alleges that FTD discriminated
against Bock based on his disability "when he was treated less
favorably than similarly situated employees who were not
subjected to the aforementioned acts of discrimination,
including without limitation, denial of the opportunity to
complete a PIP and terminated from employment." ECF NO. 2 ¶ 48.
The denial of the opportunity to complete a PIP and Bock's
termination occurred on April 15, 2011;[13] therefore Count Two
alleges discriminatory acts occurring within the six month
period for asserting a Title 20 claim.

Count Six alleges that FTD retaliated against Bock for
engaging in protected activity by placing him on a PIP and

---

[13] ECF No. 2 ¶ 30.

firing him. ECF NO. 2 ¶ 81. Although Bock's termination is within the required time for a timely Title 20 claim, the alleged retaliatory action of placing Bock on PIP is not.[14] Accordingly, Bock's Title 20 claim for retaliation based on his placement on PIP is time-barred. *See* Md. Code Ann., State Gov't § 20-1004(c). However, Count Six is not time-barred to the extent it asserts a retaliation claim based on Bock's firing on April 15, 2011.

In Count Four, Bock asserts a Title 20 claim for failure to accommodate. ECF No. 2 ¶¶ 62-70. FTD argues that Count Four is time barred in its entirety because Bock "does not allege any instances of a failure to accommodate, occurring after April 12, 2011." ECF No. 21 at 6. The Complaint states that Bock requested a reasonable accommodation on July 5, 2010,[15] repeatedly made requests from July 5, 2010 to January 2011,[16] and made another request in March 2011.[17] Despite Bock's assertion in his Response that he "alleged that FTD continually refused to grant [his] repeated requests for reasonable accommodation related to his disability after April 12, 2011 up to the date of

---

[14] Bock was placed on a PIP on February 18, 2011. ECF No. 2 ¶ 25.

[15] ECF No. 2 ¶ 14.

[16] *Id.* ¶ 17.

[17] *Id.* ¶ 28.

[his] termination," the Complaint contains no such allegation. *See* ECF No. 20 at 6; ECF No. 2 ¶¶ 62-70. Because Bock does not allege he was denied reasonable accommodations within six months of filing his charge, his Title 20 failure to accommodate claim is time-barred and FTD's motion to dismiss Count Four will be granted.

ii.  State Law Claims--Two Year Requirement

FTD also asserts that Bock's state law claims, Counts Two, Four, and Six, are time-barred because Bock failed to file suit within two years of the alleged unlawful conduct. ECF No. 11 at 4.  Under Title 20, a civil action must be filed within two years after the alleged unlawful employment practice occurred. *See* Md. Code Ann., State Gov't § 20-1013(a)(3).  Because Bock filed suit on October 31, 2012,[18] he may bring a claim for any unlawful conduct that occurred on or after November 1, 2010. *See* Md. Code Ann., State Gov't § 20-1013(a)(3).  Bock's remaining Title 20 claims, Counts Two and Six, rely on Bock's April 15, 2011 termination,[19] which occurred within the required two year time frame and are not time-barred.

iii. ADA Claims

FTD asserts that Bock's ADA claims, Counts One, Three, and Five, are time-barred to the extent they rely on alleged conduct

---

[18] ECF No. 2.

[19] *See* ECF No. 2 ¶¶ 48, 81.

occurring 300 days before he filed his EEOC charge. ECF No. 11
at 5. A charge filed with a state agency is considered filed
with the EEOC after 60 days. *See* 29 C.F.R. §
1601.13(a)(4)(ii)(B). As discussed above, Bock filed his charge
with the MCCR on October 12, 2011. *See supra* Part II.B.2.i.
Therefore, on December 11, 2011, the charge was automatically
filed with the EEOC at the expiration of 60 days. Accordingly,
Bock may bring a claim based on any alleged unlawful conduct
occurring within the previous 300 days, or on or after February
14, 2011.

In Counts One, Three, and Five, Bock properly alleges
violations of the ADA based on events after February 14, 2011,
including his placement on PIP, FTD's denial of his requests for
reasonable accommodation, and his termination. *See* ECF No. 2 ¶¶
26, 28, 30. However, Bock's Count Three claim for failure to
accommodate also refers to denials of his requests that occurred
before February 14, 2011. *See* ECF No. 2 ¶¶ 56, 14, 17. To the
extent that Bock's claim in Count Three alleges FTD failed to
accommodate before February 14, 2011, FTD's motion to dismiss
will be granted.

3. Failure to State a Claim

Bock asserts that FTD violated the ADA by treating Bock
less favorably based on his disability and failing to make a

13

reasonable accommodation.  ECF No. 2 ¶ 37-44, 54-61.[20]  FTD

argues that Bock has failed to state a claim under the ADA

because (1) he has not shown that he is a qualified individual,

(2) he has not shown he was meeting FTD's legitimate

expectations, and (3) his requests for accommodation were not

reasonable.  ECF No. 11 at 2, 10, 11.

The ADA provides that "[n]o covered entity shall

discriminate against a qualified individual on the basis of

disability in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation,

job training, and other terms, conditions, and privileges of

employment."  42 U.S.C. § 12112(a).  Bock's claims for disparate

treatment and failure to make a reasonable accommodation require

a showing that he is "within the ADA's protected class."[21]  A

member of the ADA's "protected class" must be "a qualified

individual" with a disability.  42 U.S.C. § 12112(a).  A

"qualified individual" is a person who, "with or without

reasonable accommodation, can perform the *essential functions* of

---

[20] Bock also asserts a claim for retaliation under the ADA and
Title 20 (Counts Five and Six), however FTD does not argue that
Bock has failed to state retaliation claims.  *See* ECF No. 2 ¶¶
71-83; ECF No. 11 at 7.

[21] *See Rohan v. Networks Presentations, LLC*, 375 F.2d 266, 272
(4th Cir. 2004); *Rhoads v. Fed Deposit Inc. Corp.*, 257 F.3d 373,
387 (4th Cir. 2001).

14

the employment position that such individual holds or desires."
42 U.S.C. § 12111(8) (emphasis added).

i.    Qualified Individual

FTD argues that Bock is not a qualified individual because
he failed to allege that he could perform the essential job
function of traveling with or without a reasonable
accommodation.  ECF No. 11 at 8.  The essential functions of a
job are "functions that bear more than a marginal relationship
to the job at issue."  *Tyndall v. Nat'l Educ. Ctrs. of Cal.*, 31
F.3d 209, 213 (4th Cir. 1994).

Bock has sufficiently pled that he can perform the
essential functions of traveling with or without reasonable
accommodation.  He has alleged that he had to maintain the same
level of travel as before his injury, that the size of his sales
territory and travel increased, and "[d]espite the augmentation
in sales territory and traveling requirements, [Bock] continued
to perform his duties in a satisfactory manner."  ECF No. 2 ¶¶
16, 20.  In addition, Bock asserts that he increased his sales
above his quota and was ranked 5th in the department when he was
terminated.  *See* ECF No. 29.  These allegations make it
plausible that Bock was able to perform the required travel
which was an essential function of the job with or without

reasonable accommodation.[22]  Accordingly, Bock has sufficiently
pled that he is a qualified individual within the ADA.

> ii.  Meeting the Employer's Legitimate
> Expectations

To make a *prima facie* case of discharge based on
discrimination under the ADA, a plaintiff must also show that
when he was discharged, "he was performing the job at a level
that met his employer's legitimate expectations." *Rhoads*, 257
F.3d at 387 n.11.  FTD argues that Bock has not sufficiently
alleged that he met FTD's legitimate expectations when he was
terminated, and instead just "pleads a blanket conclusion that
he was meeting his employer's expectations." ECF No. 11 at 10.
The Court disagrees.  Bock has alleged that he "continued to
perform his duties in a satisfactory manner" despite the
increase in his travel time.  ECF No. 2 ¶ 21.  He also alleged
that he increased his sales to 121 percent of his sales quota
and was ranked 5th in the sales department the day before he was
terminated.  ECF No. 2 ¶ 29.  Thus, he has pled facts supporting

---

[22] Despite FTD's arguments to the contrary, Bock's allegations
that he suffered pain as a result of travel and requested less
travel time do not automatically preclude him from alleging that
he could perform this essential function of the job with or
without reasonable accommodation. *Cf. Fleetwood v. Harford
Sys.*, 380 F. Supp. 2d 688, 699-700 (D. Md. 2005) (plaintiff was
still a qualified individual when he needed accommodations to
perform essential function of filling out time card).

his allegation that he met FTD's legitimate expectations.[23]
Accordingly, FTD's motion to dismiss Bock's claims for disparate
treatment will be denied. [24]

iii. Request for a Reasonable Accommodation

Under the ADA, discrimination against a qualified
individual on the basis of disability includes "not making
reasonable accommodations to the known physical or mental
limitations of an otherwise qualified individual with a
disability who is an . . . employee." 42 U.S.C. §
12112(b)(5)(A). To establish a *prima facie* case of failure to
accommodate under the ADA, Bock must show that: (1) he had a
disability within the meaning of the statute; (2) his employer

---

[23] *Compare Bailey v. AmeriGas Propane, Inc.*, No. WDQ-11-1701,
2012 WL 346632, at *4 (D. Md. Jan. 31, 2012) (plaintiff
sufficiently pled he met employer's legitimate expectations by
alleging he received positive performance evaluations), *with
Brandford v. Shannon-Baum Signs, Inc.*, No. RDB 11-00836, 2012 WL
3542604, at *4 (D. Md. Aug. 1, 2012) (dismissing claim when
complaint contained only threadbare allegations unsupported by
factual content that he met legitimate expectations), *and Munoz
v. Baltimore Cnty., Md.*, No. RDB 11-02693, 2012 WL 3038602, at
*8 (D. Md. July 25, 2012) (plaintiff did not sufficiently allege
meeting legitimate expectations when he only addressed his
performance of essential job functions and did not argue he met
employer's expectations).

[24] Because Bock's Title 20 claims parallel his ADA claims and the
Maryland courts routinely look to federal law in determining
Title 20 liability, he has sufficiently pled a claim for
disparate treatment under state law. *See* ECF No. 2 ¶¶ 45-53;
*see e.g.*, *Carrier v. VCA Animal Hosps., Inc.*, No. DKC 11-0129,
2012 WL 3536758, at *8 (applying federal law in determining
Title 20 liability for disability discrimination).

17

had notice of his disability; (3) with reasonable accommodation, he could perform the essential functions of the position; and (4) his employer refused to accommodate him. *Rhoads*, 257 F.3d at 387 n.11.

FTD asserts that because Bock's requests involved a reduction in his travel--an essential function of the job--his requests were not reasonable, and his claim should be dismissed. ECF No. 11 at 11-12. In support of this argument, FTD relies primarily on summary judgment cases addressing whether a plaintiff is a qualified individual. *Id.*[25] As discussed above, *supra* Part II.B.3.i., Bock has sufficiently alleged that he was able to perform the essential functions of the job and qualifies for ADA protection. The sole case referred to by FTD that discusses whether a requested accommodation is reasonable also resolved the issue on summary judgment.[26] To survive a motion to

---

[25] *See Matelyan v. SAGE Dining Servs., Inc.*, No. PJM 10-2626, 2012 WL 3677053, at *4 (D. Md. Aug. 24, 2012) (plaintiff was not a qualified individual where no reasonable accommodation would have permitted him to perform the essential functions of job); *Day v. Morgan*, No. 3:10-454-JFA-JRM, 2011 WL 3418854, at *9 (D. S.C. Aug. 5, 2011) (same); *Tyndall*, 31 F.3d at 214 (affirming district court's determination that plaintiff was not a qualified individual because unable to fulfill essential functions of teaching position); *see also Higgins v. Maryland Dep't of Agric.*, No. L-11-0081, 2012 WL 665985, at *6-7 (D. Md. Feb. 28, 2012) (dismissing failure to accommodate claim because plaintiff was not a qualified individual based on his extreme misconduct).

[26] *See Wallace v. Rite Aid Corp.*, No. PJM 10-2190, 2012 WL 366896, at * 4 (finding accommodation request unreasonable when asking

18

dismiss, a plaintiff must only allege facts that state a plausible claim for relief. *See Twombly*, 550 U.S. at 570. Here, Bock must only allege facts that plausibly establish a *prima facie* case for failure to accommodate.[27]

Bock has sufficiently pled that FTD denied his reasonable requests for accommodation. Bock alleges that he had a disability, and FTD had notice of his disability. ECF No. 2 ¶¶ 8, 10, 11, 13. He alleges that he repeatedly made requests for reasonable accommodations. ECF No. 2 ¶¶ 17, 28. Although the ADA "does not require an employer to reallocate essential job functions,"[28] Bock's proposed accommodations included working from home, decreasing his sales territory, accepting the offer of another sales consultant to switch territories, and "other available options." ECF No. 2 ¶¶ 14, 15. These requests are not *per se* unreasonable, especially in light of the fact that another FTD sales consultant was given similar accommodations for her disability. *See* ECF No. 2 ¶ 35. Bock also alleges that

---

to give more hours to other employees and hire an additional manager to reduce workload).

[27] *See Feldman v. Law Enforcement Assocs. Corp.*, 779 F. Supp. 2d 472, 488 n.9 (E.D.N.C. 2011) ("[T]he question of whether [plaintiff's] requested accommodation was reasonable is a factual question that may be appropriately addressed at the summary judgment stage or at trial.") (*citing Pandazides v. Virginia Bd. of Educ.*, 13 F.3d 823, 833 (4th Cir. 1994)).

[28] *See Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed. App'x 314, 323 (4th Cir. 2011).

FTD denied those requests.  ECF No. 2 ¶¶ 16, 19, 20, 24, 28.
Therefore, Bock has pled specific facts in support of his
failure to accommodate claim.[29]

    C.    Bock's Motion for Leave to Amend

At the end of Bock's Response in Opposition to FTD's Motion
to Dismiss, Bock requests in the alternative that he be
permitted leave to file an amended complaint pleading additional
facts as necessary if the Court finds the complaint
insufficient.  ECF No. 20 at 12.  FTD argues that this motion
should be denied because (1) Bock "has made no attempt to show
that an amendment would not be futile," and (2) the motion is
procedurally improper.  ECF No. 21 at 16.

Under Fed R. Civ. P. 15(a), if more than 21 days have
passed since the service of a motion to dismiss, a party may
only amend if the opposing party gives written consent or the
Court permits the amendment.  Leave to amend the complaint
"should [be] freely give[n] when justice so requires."  *Id.*
Under Local Rule 103.6(a), a party who moves for leave to amend
the complaint must include the proposed amended complaint.  *See*
D. Md. Local Rules 103.6(a).  "[W]here . . . the plaintiff fails
to formally move to amend and fails to provide the district

---

[29] Despite Bock's argument presented in his Response, the
complaint does not allege that FTD had a "blanket policy" of
refusing reasonable accommodations.  *See* ECF No. 20 at 11; ECF
No. 2 ¶ 14.

court with any proposed amended complaint or other indication of the amendments he wishes to make, the district court does not abuse its discretion" in declining to grant a motion to amend the complaint.[30]

Bock has not provided his proposed amended complaint to the Court, nor has he indicated what amendments he proposes to make. *See* ECF No. 20 at 12. Without the proposed new complaint, it is not clear whether the amendments would be futile. The Court will deny the motion for leave to amend without prejudice. It will consider a proposed amended complaint if Bock files another motion for leave to amend that includes the amended complaint.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss will be granted in part and denied in part. The Plaintiff's motion for leave to amend will be denied.

_9/13/13_
Date

William D. Quarles, Jr.
United States District Judge

---

[30] *Estrella v. Wells Fargo Bank, N.A.*, 497 Fed. App'x 361, 362 (4th Cir. 2012) (*citing Cozzarelli v. Inspire Pharms. Inc.*, 594 F.3d 618, 640 (4th Cir. 2009)) (internal quotation marks omitted).